IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL H. KALINER, Trustee for Debtor, MDC Systems Inc.,** | : : : | **MISCELLANEOUS ACTION NO. 09-5** |
| Plaintiff, | : : | |
| v. | : : | |
| **MDC SYSTEMS CORP., LLC,** | : : | |
| Defendant. | : : | |

**DuBois, J.**                                                                                          **November 2, 2012**

# MEMORANDUM

## I.   INTRODUCTION

Plaintiff Michael H. Kaliner, as Chapter 7 trustee for debtor MDC Systems, Inc. ("INC"), brought an action to recover, for the benefit of the estate's creditors, assets he alleges were fraudulently conveyed by INC to MDC Systems Corp., LLC ("the LLC"). Initially, multiple claims were brought against many defendants. All that remains is a fraudulent conveyance claim against the LLC.

Presently before the Court is Kaliner's motion to quash the LLC's jury trial demand and to refer the case to the bankruptcy court. For the reasons set forth below, the motion is denied.

## II.   BACKGROUND

The background of this case is set forth in detail in the Court's Memorandum regarding summary judgment. See Kaliner v. MDC Systems Corp., 2011 WL 203872, *1-*4 (E.D. Pa. Jan. 20, 2011). Accordingly the Court recites in this Memorandum only those facts necessary to explain the Court's rulings on the motion currently pending before the Court.

Robert McCue formed INC in order to provide project and construction management consulting services. Id. at *1. INC, in turn, formed the LLC and later transferred assets to the

LLC. Id. at *1-*2. There is a dispute concerning precisely what assets were transferred. "Though LLC argues that the only assets it purchased from INC were fixtures, furniture, and equipment for $42,000, Kaliner contends that LLC acquired much more, including INC's existing contracts, good will, furniture, fixtures and equipment, employees, telephone number, use of the MDC Systems name and other intellectual property, data bases and website, business location and release of McCue's covenant not to compete." Id. at *11.

The present action traces back to a lease dispute in which judgment was entered against INC for over one million dollars. Id. at *3. Kaliner claims INC fraudulently transferred its assets to the LLC so INC could escape that debt. (Fourth Am. Compl. 8-9.) He requests, inter alia, that the transfer be declared void and that the LLC "be ordered to reconvey the assets received from [INC], to [INC], or to a receiver appointed for the purpose of selling the same and applying the proceeds to the satisfaction of [INC's] debts." (Id. at 9-10.)

The case was removed from state court and referred to the bankruptcy court. Kaliner, 2011 WL 203872 at *4. The Court withdrew the reference from the bankruptcy court by Order dated April 27, 2009. Throughout the litigation, the LLC has demanded a jury trial. Kaliner has now moved to quash the LLC's jury trial demand and to refer the case back to the bankruptcy court.

**III.   DISCUSSION**

Kaliner argues that the LLC does not have a Seventh Amendment right to a jury trial. The Court disagrees. "The Seventh Amendment protects a litigant's right to a jury trial only if a cause of action is legal in nature and involves a matter of 'private right.'" Granfinanciera v. Nordberg, 492 U.S. 31, 42 n.4 (1989). The Supreme Court in Granfinanciera set forth the three-

step analysis required to make this determination: "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature.  The second stage of this analysis is more important than the first." Id. at 42 (internal quotations and citations omitted).  "If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder." Id.  Under this final step, if the claim asserts a "private right" rather than a "public right," the Seventh Amendment applies. Id. at 42 n.4.

    A.    Step Two: Legal or Equitable Remedy

Kaliner does not make any argument concerning step one of the test.  He principally attacks step two.  He asserts that with only the fraudulent conveyance claim remaining, he is now seeking exclusively equitable relief. (Mot. 6.)  Specifically, he contends that reconveying intangible assets and property is an equitable remedy. (Id.)  The LLC counters that reconveying assets to sell them and apply the proceeds to satisfy a debt is legal relief. (Def. Resp. 7.)

Granfinanciera controls this Court's decision.  That case also involved the Seventh Amendment right to a jury trial in the context of a fraudulent conveyance claim. Granfinanciera, 492 U.S. at 36.  The plaintiff sought to recover a specific amount of money: $1.68 million. Id. at 36-37.  The Supreme Court concluded that such a remedy was legal in nature. Id. at 49.  In reaching that decision, the Court favorably cited Garrard Glenn's treatise, Fraudulent Conveyances and Preferences. Id. at 44.  The treatise classified the recovery of money or personal property as legal remedies and the recovery of intangible property as an equitable one.

Id.  This Court will follow that taxonomy as well.

The parties agree that the transfer from INC to the LLC included, at least, fixtures, furniture, and equipment.  See Kaliner, 2011 WL 203872, at *11.  As Kaliner seeks to have personal property reconveyed, he is requesting, in part, a legal remedy.  Where a case involves both legal and equitable claims, the parties are entitled to a jury trial.  Ross v. Bernhard, 396 U.S. 531, 537-38 (1970).  Thus, the Court will move to step three of the Granfinanciera analysis.

### B. Step Three: Public or Private Right

Kaliner argues that the final step of the Granfinanciera test – whether the case must be resolved by an Article III court – "tips in favor of a non-jury trial."  (Mot 9.)  Resolving this issue requires determining whether the claim asserts a "public right" (where there is no right to a jury trial) or a "private right" (where there is).  Granfinanciera, 492 U.S. at 42 n.4.  In Granfinanciera, the Court stated, "Although the issue admits of some debate, a bankruptcy trustee's right to recover under a fraudulence conveyance . . . seems to us more accurately characterized as a private rather than a public right as we have used those terms in our Article III decisions."  Id. at 55.  Recently, in Stern v. Marshall, the Court examined the public/private right dichotomy and relied on Granfinanciera in reaching its decision.  131 S.Ct. 2594, 2614 (2011).  Thus, this Court concludes that Kaliner's fraudulent conveyance claim asserts a "private right," and that the LLC has a right to a jury trial.  The request to quash the LLC's jury trial demand is therefore denied.

Kaliner's request to refer the case back to the bankruptcy court is predicated on this Court concluding that the LLC did not have a right to a jury trial.  Accordingly, that request is denied as well.

## IV. CONCLUSION

For the reasons stated above, the motion to quash the LLC's jury trial demand and to refer the case to the bankruptcy court is denied. An appropriate order follows.